Mr. Davender Kant Director Community Development and Environmental Control 600 West Blue Heron Boulevard Riviera Beach, Florida 33404
Dear Mr. Kant:
This is in response to your request for an Attorney General Opinion on substantially the following questions:
 1. WOULD AN ORDINANCE PROVIDING FOR THE PLACEMENT OF ADDITIONAL USES WITHIN THE SPECIAL EXCEPTION CATEGORY IN VARIOUS RESIDENTIAL DISTRICTS ESTABLISHED BY THE RIVIERA BEACH ZONING CODE BE CONSIDERED AN ORDINANCE WHICH WOULD "SUBSTANTIALLY CHANGE PERMITTED USE CATEGORIES IN ZONING DISTRICTS" WITHIN THE PURVIEW OF s 166.041(3)(c), F.S.?
 2. IF THE ANSWER TO QUESTION ONE IS IN THE AFFIRMATIVE, IS THE CITY OF RIVIERA BEACH THEN BOUND TO FOLLOW THE ADDITIONAL NOTICE REQUIREMENTS PRESCRIBED BY ITS ORDINANCE FOR REZONING SPECIFIC PARCELS OF REAL PROPERTY OR SUBSTANTIALLY CHANGING PERMITTED USE CATEGORIES IN ZONING DISTRICTS?
QUESTION ONE
Your question specifically goes to the issue of whether the addition of certain uses within zoning districts established by the Riviera Beach Zoning Code designated "uses permitted by special exception" would constitute a substantial change in a permitted use category in a zoning district such that the provisions for notice of s 166.041(3)(c), F.S., would apply. As an example of the action contemplated by the city, you have enclosed a notice of public hearing regarding the inclusion of additional uses in the special exception categories of residential zoning districts and a provision of the zoning code describing a single family district. As set forth in the materials you have supplied, in a RS-8 single family district, the permitted uses under the zoning code include: 1) single family dwellings and their customary accessory uses; 2) parks, playgrounds and recreation facilities under the supervision of the municipality; 3) churches and their educational buildings; 4) libraries, community centers, buildings or land used exclusively by the federal, state, county or city governments for public purposes. In addition, home occupations constitute uses which are permitted by special exception. The City of Riviera Beach intends to hold public hearings to determine whether family daycare centers, foster homes and adult congregate living facilities shall be permitted by special exception in a number of single family dwelling districts including the RS-8 district described herein. The notice of public hearing you have provided also contemplates the inclusion of daycare centers within two-family dwelling districts and multiple family/hotel districts by special exception.
Section 166.041, F.S., establishes a uniform procedure for the adoption of municipal ordinances and resolutions. These procedures are generally applicable to all municipalities throughout the state and the requirements set forth in s 166.041, F.S., cannot be lessened or reduced by any municipality. See, AGO's 80-104 and 74-371. However, a municipality may specify additional requirements for the adoption or enactment of ordinances or prescribe procedures in greater detail than as set forth in this section. Section 166.041(6), F.S.
Prior to its amendment by s 1, Ch. 83-301, Laws of Florida, s166.041(3)(c), F.S., specifically provided minimum procedures to be followed by municipalities rezoning private real property. As amended, s 166.041(3)(c), F.S., now speaks to ordinances "which rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts . . . ." (e.s.) The statute provides that for ordinances in which the proposed rezoning or change in permitted use involves less than five percent of the total land area of the municipality, notice by mail to each of the real property owners whose land the municipality will rezone by the enactment or whose land will be affected by the change in permitted use is required at least thirty days prior to a public hearing on the proposed ordinance. Section 166.041(3)(c)1., F.S. For proposed ordinances rezoning or changing the permitted use of more than five percent of the total land area of the municipality, the statute sets out specific requirements for advertised notice prior to two public hearings on the proposed ordinance. See, s 166.041(3)(c)2., F.S. In addition to the provisions for advertised notice, s 166.041(3)(c)2.c., F.S., states that in lieu of publishing the advertisement described in subparagraph 2. of subsection (3)(c) the municipality may mail notice to each person who owns real property within the area the ordinance covers. As stated in s 166.041(3)(c)2.c., the notice prescribed therein shall clearly explain the proposed ordinance and shall notify the person of the time, place and location of both public hearings on the proposed ordinance.
No definition or construction of the term "substantially" is contained within s 166.041(3)(c), F.S., as that term is used in the phrase "which substantially change permitted use categories." However, words in common use in a statute are to be construed in their plain and ordinary sense. See, State v. Tunnicliffe,124 So. 279 (Fla. 1929); Gasson v. Gay, 49 So.2d 567 (Fla. 1950); Pedersen v. Green, 105 So.2d 1 (Fla. 1958); State v. Egan, 287 So.2d 1, 4
(Fla. 1973). "Substantially" is defined as: "Essentially; without material qualification; in the main; in substance; materially; in a substantial manner." Black's Law Dictionary 1281 (5th ed. 1979). "`Substantially' is variously defined as meaning in a substantial manner; in substance; in the main; essentially; solidly; actually; really; truly; competently." 83 C.J.S. Substantially p. 765. Further, the term has been construed as not meaning wholly or completely, but it may mean part. See, 83 C.J.S. supra. Nor does the statute define or limit or qualify the phrase "permitted use categories" in zoning districts or distinguish between absolute or conditional uses.
In the absence of any legislative direction, it would appear that the addition of any other permitted use within a particular district, whether conditioned upon the grant of a special exception or otherwise, would "substantially change" the permissible uses within a particular district. The addition of various uses permitted by special exception such as those contemplated in your question seem to "substantially change," i.e., materially or essentially change, the uses permitted in the affected zoning districts of Riviera Beach. Therefore, it would appear that the City of Riviera Beach must comply with the notice requirements of s 166.041(3)(c), F.S., as the proposed ordinances substantially change permitted use categories in zoning districts as contemplated therein.
QUESTION TWO
As discussed previously herein, a municipality may specify additional requirements for the adoption or enactment of ordinances or prescribe procedures in greater detail than provided in s 166.041, F.S. See, s 166.041(6), F.S. Such additional procedures for rezoning ordinances were established in 1982 by the City of Riviera Beach and require individual notice to property owners within three hundred feet of the property affected by rezoning. The amendment of s 166.041(3)(c), F.S., by Ch. 83-301, Laws of Florida, did not address, alter or amend the provisions of subsection (6) so that any additional municipal requirements (such as those imposed in 1982 by Riviera Beach) would extend to and operate on the provisions of the 1983 amendment to impose such additional requirements to ordinances which substantially change permitted use categories in zoning districts. To the extent that the City of Riviera Beach has specified additional requirements for the enactment of ordinances which rezone real property or (to use the language of the state statutory provision) which substantially change the permitted use categories in zoning districts such procedures must be followed in addition to the basic requirements of s 166.041(3)(c), F.S. Therefore, in cases in which the proposed rezoning or change in permitted use involves less than five percent of the total land area of the municipality, s 166.041(3)(c)1., F.S., prescribes notice by mail to each of the real property owners whose land the municipality will rezone or whose land will be affected by the change in permitted use. In addition, the Riviera Beach Zoning Code requires that individual notice of such rezoning or change in permitted use be afforded to property owners within three hundred feet of the affected property. With regard to instances in which the proposed ordinance deals with more than five percent of the total land area of the municipality, s 166.041(3)(c)2., F.S., sets out specific requirements for advertised notice prior to two public hearings on the proposed ordinance or, in lieu of publishing such notice, a municipality may mail notice to each person who owns real property within the area the ordinance covers pursuant to paragraph 2.c., of subsection (3)(c). The Riviera Beach Zoning Code makes no distinction, according to your letter, between proposed rezoning ordinances involving more than five percent of the total land area of the municipality and those involving less than five percent. In each case the code calls for individual notice to property owners within three hundred feet of the affected property. It does not appear that any duplication of notice is called for under the statute, so that, to the extent that the notice in s166.041(3)(c)2.c., F.S., is appropriate, such notice may be utilized in lieu of a newspaper advertisement and this would appear to satisfy, in part, the individual notice requirements of the Riviera Beach Code which call for additional notice to property owners within three hundred feet of the affected property.
In sum, it is my opinion that an ordinance providing for the placement of additional uses permitted by special exception in various zoning districts established by the Riviera Beach Zoning Code would "substantially change permitted use categories in zoning districts" within the purview of s 166.041(3)(c), F.S. In addition to the notice requirements specified in s 166.041(3)(c), the City of Riviera Beach is required to comply with any additional notice requirements established by ordinance of the municipality for the enactment of ordinances which apply to the rezoning of specific parcels of real property or which substantially change permitted use categories in zoning districts.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General